UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL CORNILLIUS LESLIE,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:14-cv-02453-MHH-JEO |
| **STATE OF ALABAMA,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

On June 5, 2015, Chief Magistrate Judge Ott entered a report and recommendation (Doc. 12) concerning Mr. Leslie's petition for habeas relief. In that report, Judge Ott recommended that the Court dismiss Mr. Leslie's § 2254 habeas petition without prejudice for lack of jurisdiction. (Doc. 12, pp. 3-5, 8). Judge Ott permitted the parties fourteen days to file objections to the report and recommendation. (Doc. 12, pp. 8-9). Neither party has filed objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no party objects, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position.

*Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. March 29, 2013) (portions of a report and recommendation "to which no objections is filed are reviewed only for clear error").

The Court has carefully reviewed the record and Judge Ott's June 5, 2015 report and recommendation. (Doc. 12). Applying the clearly erroneous standard, the Court **ADOPTS** the June 4, 2015 report and **ACCEPTS** Judge Ott's recommendation that Mr. Leslie's claims be dismissed without prejudice because the Court lack jurisdiction over his claims.[1]  The Court will enter a separate order consistent with this memorandum opinion.

---

[1] Alternatively, Judge Ott recommended that the Court dismiss Mr. Leslie's habeas petition with prejudice because Mr. Leslie's ineffective assistance of counsel claim is without merit, untimely, and procedurally defaulted. (Doc. 12, pp. 5-8). The undersigned does not disagree; however, because the Court adopts Judge's Ott's analysis and finds that the Court lacks jurisdiction over Mr. Leslie's petition, the Court will not reach the merits of the petition. *See Nalls v. Countrywide Home Services, LLC*, 279 Fed. Appx. 824 (11th Cir. 2008) ("The district court

The Court finds that the jurisdictional analysis in Judge Ott's report and recommendation is clear and sound.  Therefore, the Court will not issue a certificate of appealability to Mr. Leslie.  Mr. Leslie may request a certificate of appealability from the Eleventh Circuit Court of Appeals.  *See* Rule 22, Federal Rules of Appellate Procedure 22; Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

The Court **DIRECTS** the Clerk to please mail a copy of this memorandum opinion to Mr. Leslie.

**DONE** and **ORDERED** this June 29, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

'should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings' and is obligated to do so '*sua sponte* whenever [subject matter jurisdiction] may be lacking.'  If a district court determines that it lacks subject matter jurisdiction, it 'is powerless to continue' and must dismiss the complaint.") (quoting *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999)).